IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3023-FL

| | |
|---|---|
| JENNIFER ANN JASMAINE f/k/a ) <br> DUANE LEROY FOX, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> DARELL FLOYD, JEREMY ) <br> McPHERSON, PHILLIP W. ) <br> TOLMAN, and ROBERT F. ) <br> FEARNOT, ) <br> ) <br>     Defendants.[1] | ORDER |

This matter is before the court on defendant Tolman's motion to dismiss (DE 76) pursuant to Federal Rule of Civil Procedure 12(b)(6) and defendant Fearnot's motion for summary judgment (DE 68) pursuant to Federal Rule of Civil Procedure 56. The motions were fully briefed and the issues raised are ripe for decision. For the reasons that follow, the court grants the motions.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate proceeding pro se, commenced this action by filing motions for preliminary injunction and temporary restraining orders on January 27, 2017, alleging claims for violations of her civil rights pursuant to 42 U.S.C. § 1983. That same day, plaintiff also filed motion

---

[1] The court dismissed plaintiff's claims against formerly-named defendants Edward Thomas, Ms. Smith, Brad Perry, Preston Thompson, Mr. Trout, Melinda Ebson, Jaron Gibbs, David Hicks, Gerome Freeman, Timothy Byrd, Adam Swinton, Beverly Major, David Crandol, Kenneth Donald, Mr. Nehls, Mr. Bell, Mr. Hovis, John and Jane Does, Ms. Freeman, and Captain McPherson by separate order entered July 26, 2018. Additionally, the court has constructively amended the caption to reflect the correct spelling of defendant Fearnot's name, and will direct the clerk to make conforming amendments to the docket caption.

to appoint counsel. On July 13, 2017, plaintiff filed renewed motion to appoint counsel. Between July 14, 2017 and August 3, 2017, plaintiff filed 13 requests for discovery, which included notices to take defendants' depositions, requests for production of documents, and requests for admissions. On August 4, 2017, plaintiff moved for scheduling conference.

On August 29, 2017, the court entered order construing plaintiff's motions for injunctive relief as an attempt to initiate an action under 42 U.S.C. § 1983. The court therefore conducted frivolity review of plaintiff's motions, determined they did not state a claim on which relief may be granted, and allowed plaintiff to file amended complaint particularizing her allegations. The court also denied plaintiff's motions for injunctive relief, to appoint counsel, and for scheduling conference.

On September 7, 2017, plaintiff filed renewed motion to appoint counsel. On January 19, 2018, plaintiff filed the operative amended complaint, and another motion to appoint counsel. On March 13, 2018, plaintiff filed second motion for preliminary injunction or temporary restraining order.

On July 26, 2018, the court conducted its frivolity review of plaintiff's amended complaint, dismissed numerous claims as frivolous or duplicative of a prior action, and allowed the action to proceed as to plaintiff's claims alleging excessive force and deliberate indifference to serious medical needs related to her degenerative disc disease. Plaintiff alleged these claim against defendant prison officials Darell Floyd ("Floyd"), Jeremy McPherson ("McPherson"), Phillip W. Tolman ("Tolman"), and Robert F. Fearnot ("Fearnot"). The court also denied plaintiff's pending motions for appointment of counsel and injunctive relief.

On August 8, 2018, plaintiff filed motion for reconsideration of the court's July 26, 2018, order. The court denied that motion on August 15, 2018.

On November 6, 2018, defendant Fearnot filed motion for summary judgment, arguing plaintiff failed to exhaust her administrative remedies prior to filing this action. In support, defendant Fearnot relies upon memorandum of law, statement of material facts, and the following: 1) affidavit from defendant Fearnot; 2) affidavit from Kimberly Grande, the director of the North Carolina Department of Public Safety's ("DPS") Inmate Grievance Resolution Board; and 3) DPS records of plaintiff's grievances filed between September 16, 2016 and January 27, 2017. On February 28, 2019, plaintiff filed response opposing defendant Fearnot's motion for summary judgment.

On November 26, 2018, defendant Tolman filed motion to dismiss for failure to state a claim, arguing plaintiff's complaint fails to state a claim for deliberate indifference to serious medical needs as to him. Plaintiff filed response in opposition on December 26, 2018.

### STATEMENT OF THE FACTS

Plaintiff's allegations against defendants Tolman and Fearnot may be summarized as follows. Plaintiff alleges she suffers from two degenerated discs in her spine. (Am. Comp. (DE 42) at 120). Defendant Fearnot, a medical doctor at the Tabor Correctional Institution, allegedly disregarded plaintiff's complaints about her back pain and refused her requests for a wheelchair and a back brace. (Id. at 120-22).

Defendant Tolman is a physician assistant at the Tabor C.I. (Id. at 118). Plaintiff informed defendant Tolman about her degenerative discs and asked for an increase in her medications. (Id.). In response, defendant Tolman stated that "[i]f I do anything I [will] discontinue [the medications]."

3

(Id.). Defendant Tolman also denied plaintiff's request for a wheelchair. (Id.). Plaintiff asked defendant Tolman "how many times do I have to fall down before you will do something?" (Id. at 118-19). Defendant Tolman responded "there is not a certain number." (Id. at 119).

**DISCUSSION**

A. Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

4

B.   Analysis

Defendant Fearnot's summary judgment motion asserts plaintiff failed to exhaust administrative remedies prior to filing suit. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and the court therefore may not excuse failure to exhaust, even to take special circumstances into account. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Administrative grievances must contain sufficient detail to "alert[] the prison to the nature of the wrong for which redress is sought" and "give prison officials a fair opportunity to address the alleged [mistreatment]." Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008).

DPS has a three-step administrative remedy procedure which inmates must complete in order to exhaust administrative remedies. See, e.g., Moore, 517 F.3d at 721; (Grande Aff. (DE 71-2) ¶ 3). Here, defendant Fearnot has submitted undisputed evidence that plaintiff failed to file (and therefore failed to exhaust) any grievances concerning her lower back pain or medical issues related to her degenerative disc disease between the time she was transferred to the Tabor C.I. in September 2016 and when she filed the instant complaint on January 27, 2017. (See Grande Aff. (DE 71-2); Grievance 3484 (DE 71-3); Grievance 3806 (DE 71-4); Grievance 4193 (DE 71-5)). Plaintiff's response to defendant Fearnot's motion for summary judgment does not address his exhaustion of administrative remedies defense, and she has not otherwise demonstrated that she filed any grievances concerning her back pain or degenerative discs. See Custis v. Davis, 851 F.3d 358, 362

5

(4th Cir. 2017) (dismissal based on failure to exhaust administrative remedies is appropriate if the defendants raise it as an affirmative defense and plaintiff is given the opportunity to address the issue). Accordingly, the court grants defendant Fearnot's motion for summary judgment, and dismisses plaintiff's medical claims without prejudice.

The same analysis also applies to defendant Tolman. As set forth above, plaintiff alleges defendant Tolman failed to treat her lower back pain and degenerative disc disease. But the undisputed record evidence establishes plaintiff did not exhaust her administrative remedies before filing this action. Accordingly, the court also grants defendant Tolman's motion to dismiss.

Plaintiff's remaining claims allege defendants Floyd and McPherson used excessive force against her in November 2016. The grievance records submitted by defendant Fearnot suggest plaintiff also failed to exhaust administrative remedies with respect to these claims. The court therefore will request defendants Floyd and McPherson's positions on whether additional dispositive motions directed to the exhaustion of administrative remedies issue may be appropriate before proceeding to discovery.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant Fearnot's motion for summary judgment (DE 68), and defendant Tolman's motion to dismiss (DE 76). The court DISMISSES plaintiff's claims against defendants Fearnot and Tolman without prejudice. The court also DIRECTS defendants Floyd and McPherson to notify the court within **21 days** of this order whether they believe further pre-discovery dispositive motions would be appropriate on the issue of exhaustion of administrative remedies. In the event defendants Floyd and McPherson request such briefing, the notice also should provide their proposed deadline for filing the requisite briefing.

Plaintiff's response, if any, shall be filed within **14 days** of receiving defendants' notice. Finally, the court DIRECTS the clerk to amend the caption to reflect the correct spelling of defendant Fearnot's name, as set forth above in footnote one.

SO ORDERED, this the 10th day of August, 2019.

                                         _____
                                         LOUISE W. FLANAGAN
                                         United States District Judge